UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

```
**************************
Paul George Paradis, Jr.      *        Case No. 11-20858
Melanie Irene Paradis         *        Chapter 13
                              *
            Debtors           *
**************************
```

## MEMORANDUM OF DECISION

At issue is confirmation of the debtors' chapter 13 plan, the vitality of which hinges on their objection to the claim of the Internal Revenue Service. Both confirmation and the claim objection have been submitted for decision on a stipulated record.[1] As discussed below, the objection is sustained, and the plan is confirmed.

### Background

The parties agree that the IRS is entitled to a secured claim in the amount of $30,439.07.[2] The dispute centers on whether the unsecured balance of the IRS claim is entitled to priority under §§ 507(a)(8) and § 1322(a)(1).[3] The acknowledged tax liabilities arise from unpaid 2004 taxes, as well as tax obligations for 2005, 2006 and 2007. The 2004 and 2005 taxes were assessed on December 10, 2007; the 2006 taxes were assessed on June 4, 2007; and the 2007 taxes were assessed on June 2, 2008. The debtors filed an Offer-In-Compromise (OIC) with the

---

[1] The one-page stipulation recites tax years, tax obligations, assessment dates and related matters. It was handed up by counsel at the final hearing, but not formally entered into the record as an exhibit then. I have appended it to this memorandum as an addendum.

[2] In light of today's decision, the question of which year's taxes are covered by the IRS's lien is of no moment.

[3] Unless otherwise indicated, all references to statutory sections are to the Bankruptcy Reform Act of 1978 ("Bankruptcy Code" or "Code"), as amended, 11 U.S.C. § 101, et. seq.

IRS on July 7, 2009. It was rejected on August 23, 2010.[4] They filed their voluntary petition for relief under chapter 13 on June 10, 2011.

The IRS contends that, by virtue of § 503(a)(8), taking into account statutory tolling periods, its entire unsecured claim is entitled to priority treatment. The debtors take issue, contending that, given the agreed dates and applicable statutory time periods, the IRS's unsecured claim has no priority.

With this background, we can address the principal issue - the extent to which the debtors' chapter 13 plan must provide for full, priority payment of their unsecured tax obligations.

## The Statute

Code § 1322(a)(2) states that a chapter 13 plan "shall provide" for "full payment" of all claims "entitled to priority under § 507 of this title" unless the claim holder consents to a different treatment. The IRS has not consented to different treatment.

The parties agree that the only portion of § 507 that pertains is § 507(a)(8)(A), which provides priority treatment to income tax claims as follows:

> (8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for -
>
> > (A) a tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition -
> >
> > > (i) for which a return, if required, is last due, including extensions, after three years before the filing of the petition;

---

[4] The IRS's memorandum asserts that the OIC process endured to a later date. However, on this point the parties' stipulation is the final word. It expressly provides that the OIC process ended on August 23, 2010 – 291 days before bankruptcy proceedings were initiated.

>> (ii) assessed within 240 days before the date of the filing of the petition, exclusive of -
>
>> (I) any time during which an offer in compromise with respect to that tax was pending or in effect during that 240 day period, plus 30 days; and
>
>> (II) any time during which a stay of proceedings against collections was in effect in a prior case under this title during that 240-day period, plus 90 days; or
>
>> (iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable under applicable law or by agreement, after the commencement of the case;
>
> * * *

§507(a)(8)(A).

Section 507(a)(8) includes a final, unnumbered paragraph that further adjusts the time periods set out in subpart (A). It provides:

> An otherwise applicable time period specified in this paragraph shall be suspended for any period during which a governmental unit is prohibited under applicable nonbankruptcy law from collecting a tax as a result of a request by the debtor for a hearing and an appeal of any collection action taken or proposed against the debtor, plus 90 days; plus any time during which the stay of proceedings was in effect in a prior case under this title or during which collection was precluded by the existence of 1 or more confirmed plans under this title.

§ 507(a)(8).

## Discussion

**a. Priority**

We can now march the obligations at issue through the statutory prerequisites for priority.

**1. § 507(a)(8)(A)(i)**

The parties agree that the tax years in question predate the debtors' bankruptcy filing. Absent a provision extending the three-year period prescribed by § 507(a)(8)(A)(i), the relevant returns were last due sufficiently before bankruptcy to escape priority treatment. The debtors did

not obtain a filing extension for their 2007 tax return, so it was due on April 15, 2008 and they filed their petition on June 10, 2011, more than three years later. There is no extension or tolling provision "built in" to § 507(a)(8)(A)(i).

In order for priority treatment to apply under § 507(a)(8)(A)(i) the general suspension language of § 507(a)(8)'s final paragraph must apply.[5] If an OIC, an event that stops IRS collection processes, is considered a "request for a hearing" initiated by the debtors, the tolling periods described in the final paragraph of the section would apply to the three year lookback period defined in § 507(a)(8)(A)(i). I conclude, however, that the term "request by the debtor for a hearing" does not include the debtor's initiation of an OIC. To begin, it is clear that Congress was aware of the OIC process, expressly providing for it in § 507(a)(8)(A)(ii) (discussed below). Although the general extension paragraph outlines three specific ways in which the running of § 508(a)(8) time periods will be suspended ("request ... for a hearing," stay effected by prior cases, and provisions of confirmed plans), it does not mention OICs.[6] Moreover, in and of itself, the OIC process entails no hearing. It is, rather, an administrative proposal, evaluation, and negotiation to determine if the IRS will accept a longer payment period, or a lesser amount than the full tax due. 26 U.S.C. § 7122 (c) and (d). It stands apart from more formal procedures which include requests for a hearing that attempt to challenge or forestall a Notice of Levy. 26 U.S.C. § 6320. Thus, because I conclude that the debtors' OIC did not constitute a "request ... for a hearing" so as to extend the three-year lookback period, the unsecured IRS tax claims, which

---

[5] The suspension paragraph was enacted in 2005 to codify <u>Young v.United States</u>, 536 U.S. 43, 122 S.Ct. 1036 (2002), which held that the three-year lookback period provided for in § 507(a)(8)(A)(i) was equitably tolled during the pendency of a prior chapter 13 proceeding. One can see, however, that Congress extended the notion farther, including a suspension of time periods during which collection is prohibited by a "request by the debtor for a hearing."

[6] Furthermore, at the time the <u>Young</u> opinion was released, Chief Counsel for the IRS stated "notwithstanding the Supreme Court's recent decision in Young, it is our view that the principle of equitable tolling does not operate to suspend the 3-year 'lookback' period in section 507(a)(8)(A)(i) for the time period during which a taxpayer's OIC is pending with the Service." Chief Counsel Advice 2004-04-049 (Jan. 5, 2004).

arise from returns last due April 15, 2008 and before, are not entitled to priority under § 507(a)(8)(A)(i).

### 2. § 507(a)(8)(A)(ii)

The question, then, is whether priority lies under § 507(a)(8)(A)(ii). That is, taking into account the tolling periods provided for in subparagraphs (I) and (II), were the taxes assessed within 240 days of the bankruptcy filing?

The 2004 and 2005 taxes were assessed on the same date - December 10, 2007. Per the parties' stipulation, that date preceded the bankruptcy filing by 1,278 days. The 2006 taxes were assessed on June 4, 2007, which was 1,467 days before the bankruptcy filing. And the 2007 taxes were assessed on August 2, 2008: 1,103 days before bankruptcy. Thus, unless tolling provisions apply, none of the taxes at issue were assessed within the limit of 270 days (240 plus 30) the statute sets for priority treatment. The OIC process was concluded August 23, 2010, 291 days before bankruptcy. Thus, the provision of § 507(a)(8)(A)(i)(II), which addresses "overlap" of the 240-day pre-filing by a period within that window during which an OIC pends, simply does not come into play. Since the IRS has pointed to no prior bankruptcy case involving these debtors, subpart II's tolling period, which runs only during the pendency of a collection stay produced by an earlier bankruptcy filing has no application here. See In re Callahan, 168 B.R. 272, 273, (Bankr.D.Mass. 1993).

Section 507(a)(8)(A)(iii), which references § 523(a)(1)(B) is not pertinent, because returns for all years were filed, none was filed within two years of the bankruptcy petition, and no allegations of fraud or misconduct have been made.[7]

It plainly appears that no part of the IRS's unsecured claim is entitled to priority under § 1322(a)(2).

**b. Confirmation**

The only issue standing between the debtors and confirmation of their plan was the IRS's objection based on its assertion of entitlement to priority treatment of its unsecured claim. With the issue resolved in the debtors' favor, the trustee's consent, and no other pending objections, the plan will be confirmed.

**c. Dischargeability**

While contesting the IRS's claim for priority treatment, the debtors have repeatedly referred to dischargeability of the unsecured federal tax claim. Section 1328(a) sets forth the scope of a "full compliance" chapter 13 discharge. It excepts from discharge unpaid withholding tax obligations (§ 507(a)(8)(C)); tax obligations arising from unfiled returns, late returns filed within two years of bankruptcy (§ 523(a)(B)); and tax obligations as to which a debtor committed fraud or willfully attempted to evade payment (§523(a)(1)(C)).

Today's ruling conclusively determines that the taxes comprising the IRS's unsecured claim do not fall within the excepted categories. Thus, upon successful completion of their plan, and entry of discharge, the unsecured tax obligations addressed today will be discharged.

Date: September 10, 2012

/s/ James B. Haines, Jr.
James B. Haines, Jr., Chief Judge
United States Bankruptcy Court

---

[7] Section 523(a)(1)(B) addresses taxes due in instances where a return was not filed, was filed within two years of the petition, or with respect to which the debtor filed a fraudulent return or willfully attempted to evade payment.

# ADDENDUM

Tax calculations

Paul G. Paradis          Case# 11-20858
Melanie Paradis

Date case filed: 06/10/11

IRS          POC Claim: $156,813.23          Interest Rate: 4%

| Tax year | Date filed | Date assessed | Date lien filed | Where filed | Tax due | Interest due | Penalties | Total due |
|---|---|---|---|---|---|---|---|---|
| 2004 | 03/28/05 | 12/10/07 | 07/14/08 | And / SS | $12,788.26 | $9,096.41 | $2,222.04 | $24,106.71 |
| 2005 | 04/10/06 | 12/10/07 | 07/14/08 | And / SS | $26,986.00 | $6,007.12 | $9,168.95 | $42,162.07 |
| 2006 | 06/04/07 | 06/04/07 | 07/14/08 | And / SS | $31,879.47 | $8,174.42 | $7,679.63 | $47,733.52 |
| 2007 | 06/02/08 | 06/02/08 | 07/14/08 | And / SS | $29,472.78 | $8,962.30 | $4,375.85 | $42,810.93 |
| TOTALS: | | | | | $101,126.51 | $32,240.25 | $23,446.47 | $156,813.23 |

And = Androscoggin Reg. of Deeds; SS = Secretary of State's Office

Paradis Tax Discharge Analysis
Date of OIC: 7/29/09 to 8/23/10          OIC concluded 291 days prior to BK filing.
240 days prior to filing: 10/13/2010
Total days of overlap of OIC and 240 days: 0

RULES THAT APPLY
3 Year due   2 Year filing   240 Day Assessment / OIC

| Tax Year | Date Due | Date Filed | Date Additional Assessed | Days in OIC | Date of Bankruptcy filing | Years between Date Taxes due and BK filed | Years between Date Taxes filed and BK filed | Days between Date Taxes assessed and BK filed | Days between Date Taxes assessed and BK filed LESS OIC days & 30 |
|---|---|---|---|---|---|---|---|---|---|
| 2004 | 04/15/04 | 03/28/05 | 12/10/07 | 390 | 06/10/11 | 7.16 | 6.21 | 1278 | 858 |
| 2005 | 04/15/05 | 04/10/06 | 12/10/07 | 390 | 06/10/11 | 6.16 | 5.17 | 1278 | 858 |
| 2006 | 04/15/06 | 06/04/07 | 06/04/07 | 390 | 06/10/11 | 5.16 | 4.02 | 1467 | 1047 |
| 2007 | 04/15/07 | 06/02/08 | 06/02/08 | 390 | 06/10/11 | 4.16 | 3.02 | 1103 | 683 |

| Secured Claim Calculation | | | | |
|---|---|---|---|---|
| Schedule | Asset | Value | Secured Debt | Unsecured Value |
| A | Residence | $121,000.00 | $109,982.13 | $11,017.87 |
| B | Bank accounts, furniture, clothing, guns | $3,385.00 | $0.00 | $3,385.00 |
|  | Retirement Accounts | $4,800.00 | $0.00 | $4,800.00 |
|  | Vehicles | $27,000.00 | $16,263.90 | $10,736.10 |
|  | Tools | $500.00 | $0.00 | $500.00 |
|  |  |  | TOTAL: | $30,438.97 |